IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY S. MASTRO,

    Petitioner,

v.

CHRISTINE SUTER, Superintendent,
Gordon Correctional Center,[1]

    Respondent.

OPINION and ORDER

Case No. 16-cv-251-slc

---

On December 3, 2013, petitioner Anthony S. Mastro was convicted of a tenth offense OWI in the Circuit Court for Brown County, Wisconsin. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues that he should have been convicted and sentenced of a sixth-offense OWI, rather than a tenth offense, because he had successfully challenged four of his previous OWI convictions. The state filed an answer, along with records from the relevant state court proceedings, and both parties have submitted briefing, making the petition ripe for decision. On May 11, 2017, both parties consented to magistrate jurisdiction and this case was reassigned to me. Dkt. 32.

Having reviewed the petition, the parties' arguments and the relevant state court decisions, I conclude that Mastro's petition must be denied.

---

[1] Petitioner was transferred to the Gordon Correctional Center, where Christine Suter is the Superintendent. Suter has been substituted as respondent in this action pursuant to Fed. R. Civ. P. 25(d).

1

# FACTS[2]

In Brown County Case No. 13CF950, Mastro was charged with a tenth-offense OWI. The state alleged that Mastro had nine previous drunk-driving convictions, including four from Minnesota. At arraignment, Mastro's attorney argued that the state should have charged Mastro with sixth-offense OWI, not tenth-offense. The attorney pointed out that for Mastro's most recent conviction in 2009, which was in the same county but before a different state court judge, Mastro had initially been charged with ninth-offense OWI. That charge had been reduced to a fifth-offense OWI, however, after Mastro successfully collaterally attacked four prior Minnesota convictions. In his 2013 case, Mastro's attorney argued that because he had successfully challenged the four prior convictions, the state should be precluded from relying on them in a subsequent case. Mastro and the state eventually agreed that Mastro would plead guilty to an OWI charge, and that the trial court would hold further proceedings to determine how many of his prior convictions could be counted for determining the penalty.

At a subsequent hearing, the state introduced Mastro's certified driving record from the Wisconsin Department of Transportation, which included the Minnesota convictions that Mastro had successfully collaterally attacked in the 2009 case. Mastro, through counsel, argued that the four convictions should not be considered for several reasons. As he did during his 2009 case, Mastro argued that three of the convictions were in violation of his right to representation and one of the convictions was based on faulty records. Additionally, Mastro argued that issue preclusion prevented the court from counting all four charges because the court had excluded them in his 2009 case.

---

[2] The following facts are taken from the petition and the state court records provided by petitioner and the state.

The circuit court rejected all of Mastro's arguments, including the issue preclusion argument. The court concluded that issue preclusion did not apply because the state had *conceded* the validity of Mastro's collateral challenges in the earlier case, and thus, the parties never "actually litigated" Mastro's arguments regarding inadequate representation and faulty records. *See Estate of Rille ex rel. Rille v. Physicians Ins. Co.*, 2007 WI 36, ¶¶ 36-38, 300 Wis. 2d 1, 728 N.W. 2d 693 (in determining whether issue preclusion applies under Wisconsin law, court must determine whether issue was actually litigated in a previous action and essential to the prior judgment, and whether applying issue preclusion would be fundamentally fair). The circuit court ultimately sentenced Mastro to seven years and six months' incarceration and five years extended supervision for a charge of tenth-offense OWI.

Mastro filed a postconviction motion in the trial court, again arguing that issue preclusion should have prevented the trial court from counting the four Minnesota convictions at sentencing. (*See* dkt. #14-5.) The circuit court denied the motion, holding that the validity of the prior convictions had not been "actually litigated" in the 2009 case because of the state's concession, and that it would be fundamentally unfair to hold the state to its concession because of Mastro's dangerous actions in the current case and because he was on extended supervision when he engaged in them. (*See* dkt. #14-2.)

Mastro appealed his conviction and the circuit court's order denying his postconviction motion to the Wisconsin Court of Appeals, arguing that the circuit court erred by rejecting his issue preclusion argument. (*See* dkts. #14-2, #14-4.) Mastro noted that issue preclusion has, in part, a constitutional basis in the Double Jeopardy and Due Process Clauses of the Fifth and Fourteenth Amendments, though Mastro did not develop any due process claim. The court of appeals affirmed. It assumed that the validity of Mastro's prior convictions had actually been

3

litigated in the 2009 cases, but concluded that Mastro had failed to demonstrate that the circuit court erred when it held that it would be fundamentally unfair to hold the state to its earlier concession. (*See* dkt. #14-5.) Mastro unsuccessfully petitioned the Wisconsin Supreme Court for review. (*See* dkts. #14-6, #14-9).

Mastro then filed a federal habeas petition, arguing that the failure to apply issue preclusion to his four Minnesota convictions violated double jeopardy. (*See* dkt. #1.) In support his claim, Mastro submitted the brief his attorney had filed with the state court of appeals.

OPINION

I. **Double Jeopardy Claim**

Mastro's sole claim asserted in his habeas petition is that the state court's refusal to apply issue preclusion violated his rights under the Double Jeopardy Clause of the Fifth Amendment. Specifically, he argues that because he had successfully challenged four Minnesota convictions in a prior state court action, the state should have been precluded from relying on those same four convictions to charge him with a higher offense OWI. Because the state court did not preclude reliance on those four convictions, Mastro argues, his charge, and ultimately his sentence, were higher than they should have been.

A writ of habeas corpus cannot issue unless the petition demonstrates that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). As the state courts adjudicated Mastro's claims on the merits, this court's review of the present habeas corpus petition is governed by 28 U.S.C. § 2254(d). Under that statute, the Court may not grant habeas relief unless the state court's decision on the merits was contrary to, or involved an unreasonable application of, clearly established federal law, as

4

determined by the Supreme Court of the United States, or the state court decision is based on an unreasonable determination of facts. 28 U.S.C. § 2254(d).

The Fifth Amendment's Double Jeopardy Clause protects individuals against three types of violations: (1) prosecuting a defendant again for the same conduct after an acquittal; (2) prosecuting a defendant for the same crime after conviction; and (3) subjecting a defendant to multiple punishments for the same crime. *Boyd v. Boughton*, 798 F.3d 490, 493 (7th Cir. 2015). Mastro does not specify in his petition or brief which type of jeopardy he believes is at issue. He argues only that he should have been charged only with a sixth-offense OWI because he had successfully challenged four of his prior convictions. Unfortunately for Mastro, however, this claim does not implicate any type of double jeopardy prohibited by the constitution.

Mastro's claims clearly do not fall under the second and third types of jeopardy, as Mastro was neither prosecuted for any crime twice nor punished multiple times for the same crime. The first type also does not apply because Mastro was never "acquitted" of any relevant crime. For purposes of double jeopardy analysis, an acquittal occurs if a jury or judge's decision "actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571 (1977). Further, the acquittal must be a "final" resolution of the charged offenses. *Blueford v. Arkansas*, 566 U.S. 599, 601 (2012). Here, although the Wisconsin state court judge presiding over his 2009 criminal case concluded that the State of Wisconsin could not rely on four of Mastro's prior Minnesota convictions, the judge did not "acquit" Mastro of those offenses. Nor did the judge issue any final ruling as to any of the "factual elements of the offense charged." Thus, Mastro cannot rely on a prior acquittal to make a double jeopardy argument.

5

Rather than implicating the Double Jeopardy Clause, Mastro's issue preclusion claim is really a challenge to the state court's interpretation and application of state law. Mastro's claim boils down to his belief that the state court was wrong when it concluded that the validity of his Minnesota convictions was not "actually litigated" in his 2009 case and that it would be "fundamentally unfair "to hold the state to its earlier concession, and that the Wisconsin Court of Appeals was wrong when it concluded that the trial court had not abused its discretion in declining to apply issue preclusion as it is defined under Wisconsin law.

Unfortunately for Mastro, however, "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2001) (citation omitted). In other words, a federal habeas court lacks authority to review or correct state-court interpretations of state law. *Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009) (citation omitted). Therefore, Mastro's habeas petition fails to state any cognizable claim for relief. He has failed to show that he is in custody in violation of the laws or treaties of the United States, so his petition must be dismissed.

## II. Certificate of Appealability.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, the court concludes that petitioner has failed to show that he has a federal claim for relief. Because reasonable jurists would not otherwise debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED that petitioner Anthony S. Mastro's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED and this matter is DISMISSED. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 15th day of May, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge